UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT TOLOMEO,
JOSEPHINE TOLOMEO, and
KELLY TOLOMEO,
d/b/a/ DOOR COUNTY VENTURES,

          Plaintiffs,

  v.                                     Case No. 04-C-0486

LONNY L. EMANUELSON,
d/b/a EMANUELSON BUILDERS
AND ARCHITECTS,

          Defendant.

**ORDER**

Plaintiffs Robert Tolomeo, Josephine Tolomeo and Kelly Tolomeo, d/b/a/ Door County Ventures, have moved to compel a response to their First Set of Written Interrogatories and Requests for Production of Documents. Defendant Lonny L. Emanuelson, d/b/a Emanuelson Builders and Architects, has not responded to the motion.[1] Plaintiffs state that they served interrogatories and requests for production of documents on defendant on December 21, 2004. (Mot. ¶ 1.) Plaintiffs were subsequently informed that defendant would respond to the interrogatories and requests for production on February 2, 2005. (Mot. ¶ 3.) Defendant did not so respond, forcing plaintiffs to depose defendant and conduct a mediation without responses to their interrogatories and requests for production. (Mot. ¶¶ 4-5, 7.) Subsequent to his deposition,

---

[1] Plaintiffs electronically filed their motion on April 29, 2005. Pursuant to Civil L.R. 7.4(b), defendant's response was due on March 6, 2005.

defendant did produce a stack of papers with an explanation that the papers were all documents in his possession relating to the project at issue in this case. (Mot. ¶ 6.) Plaintiffs believe that these materials are the documents referred to in defendant's Fed. R. Civ. P. 26(a)(1) disclosures. (*Id*.)

While defendant may have produced something in response to plaintiffs' requests for production, the court cannot find that he has responded in full absent any response to plaintiffs' motion. Nor can the court conclude that defendant, by producing a stack of papers, met his obligation under Fed. R. Civ. P. 34(b) to "produce [the requested documents] as they are kept in the usual course of business or . . . organize and label them to correspond with the categories in the request." Finally, the court cannot conclude that defendant responded to plaintiffs' interrogatories. Plaintiffs' motion to compel will therefore be granted.

Plaintiffs have requested that the court order defendant to pay their reasonable expenses incurred in making this motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4)(A) mandates such an award unless the court finds that the motion was made without consultation with defendant, defendant's refusal to produce was substantially justified, or other circumstances make an award unjust. The court can make no such finding here. Accordingly, it will award costs and attorney's fees.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel is hereby **GRANTED.** Defendant shall pay plaintiffs' reasonable costs, including attorney's fees, incurred in making this motion.

Dated this   13th   day of May, 2005.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge